UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-P20-S

LESTER CHILDRESS                                            PLAINTIFF

v.

PAM RAMBO, et alia                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. Plaintiff, Lester Childress, *pro se*, seeks compensatory and punitive damages, under 42 U.S.C. § 1983, from six government officials and employees, including two nurses and two physicians, of the Jefferson County Metro Department of Corrections, in their official capacities. Plaintiff alleges he has suffered medical neglect, in violation of his rights under the Fourteenth Amendment to the United States Constitution.[1] The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

---

[1] Substantive protection under the Due Process Clause of the Fourteenth Amendment affords pretrial detainees with the right against deliberate indifference to serious medical needs, a right analogous to those rights convicted persons enjoy under the Eighth Amendment. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff is a pretrial detainee in the Jefferson Metro Jail. Before or during arrest, he sustained a fracture in the right wrist. While in custody, Plaintiff presented to the emergency room of the University of Louisville Hospital, underwent x-rays, and was diagnosed with the fracture. The ER physician provided a splint, prescribed pain medication, and ordered Plaintiff to follow-up in two weeks.

Plaintiff did not receive the prescribed medication and presented for the follow-up appointment one month late. University physician, Dr. Tuna, explained that due to medical "neglect," the wrist had begun to heal improperly and required "corrective surgery." (Compl. at

7.) Plaintiff states that they re-broke his wrist, applied stitches, and ordered him to follow up again in two weeks.

Plaintiff again missed the follow-up appointment because "corrections disregarded U. of L. Hospital orders once more." (Compl. at 7.) Again, Plaintiff required corrective surgery. "They then broke my right wrist a third time and then placed titanium implants." (Compl. at 5-continued.) Plaintiff adds he was forced to remove his own stitches because of missed follow-up appointments.

Plaintiff seeks a damages remedy against Defendants in their official capacities.

### III.

Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983, itself, creates no substantive rights but, rather, affords a remedy to rights established elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Section 1983 states, "Every person who, under color of [law], subjects ... any [person] to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured ... ." 42 U.S.C. § 1983.

Plaintiff sues Defendants in their official capacities. Pleading official capacity is another way of pleading suit against the entity of which the defendant is an agent, official, or employee, and the pleader may recover damages against the entity rather than the personal assets of the individual. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendants are employees, agents, or officers of the Jefferson Metro Department of Corrections, a subdivision of metro county

government. The official-capacity claims are, therefore, claims against Jefferson Metro Government.

A municipal corporation or local government is a "person" within the meaning of § 1983, based on the statute's legislative history. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). To recover damages against a county government, however, a plaintiff must allege an official policy or custom caused a violation of the plaintiff's federal rights; municipal liability arises not merely from the actions of its agents, employees, or officials. *Monell,* 436 U.S. at 658; *Holloway*, 220 F.3d at 772. "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy' or 'custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citing *Monell,* 436 U.S. at 658)). It suffices to allege, in the complaint, that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Here, the complaint contains no allegations that officials or employees of the metro corrections department acted in conformance with an unconstitutional policy or custom. There are no allegations from which the Court may infer that a county policy or custom was responsible for the alleged deprivation of Plaintiff's constitutional rights. The complaint simply contains no set of facts to support of a § 1983 claim against Defendants in their official capacities.

The Court will therefore dismiss the official-capacity claims against Defendants, for failure to state a claim on which relief may be granted. The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc: Plaintiff, *pro se*
    Jefferson County Attorney
4411.007